## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

U.S. EQUAL EMPLOYMENT
OPPORTUNITIES COMMISSION,

      Plaintiff,

v.                                                                Case No. 3:26-CV-00241

ROUNDY'S SUPERMARKETS, INC.,

      Defendant.

---

## MOTION TO INTERVENE

---

Kari Bull moves the court to permit her intervention in the above-captioned action under Federal Rule of Civil Procedure 24(a)(1). The reasons for Ms. Bull's motion are set forth below; no separate brief will be filed.

On March 23, 2026, the U.S. Equal Employment Opportunities Commission ("EEOC") filed the above-captioned action against Roundy's Supermarkets, Inc. ("Roundy's") under the Pregnant Workers Fairness Act ("PWFA") and the Americans with Disabilities Act of 1990 ("ADA") based on Roundy's adverse treatment of an Aggrieved Individual. (Dkt. # 1.) Kari Bull is that Aggrieved Individual.

The court should grant Ms. Bull's motion to intervene as to her PWFA and ADA claims under Federal Rule of Civil Procedure 24(a)(1). Rule 24(a)(1) provides that, "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." FED. R. CIV. P. 24(a)(1).

Ms. Bull's motion is undoubtedly timely. She has acted promptly to intervene, filing her motion less than three weeks after the EEOC commenced this action and even before Roundy's has answered. This expeditious motion ensures that intervention will not pose any prejudice to the original parties.

And Ms. Bull has an unconditional right to intervene in this action. The PWFA and ADA incorporate the enforcement framework of the Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000gg-2(a)(1) (PWFA); 42 U.S.C. § 12117(a) (ADA). Under that enforcement framework, when the EEOC brings a civil action against an employer, the employee against whom the employer discriminated has "the right to intervene in a civil action brought by the Commission." 42 U.S.C. § 2000e-5(f)(1). The PWFA and the ADA thus grants Ms. Bull an unconditional right to intervene in this action. *See EEOC v. Merrill Pine Ridge, LLC*, Case No. 11-cv-315-wmc, 2012 U.S. Dist. LEXIS 199699, at *3 (W.D. Wis. Jan. 12, 2012) (holding that Title VII of the Civil Rights Act of 1964 grants an unconditional right to intervene to aggrieved persons).

The court should grant Ms. Bull's motion to intervene as to her Providing Urgent Maternal Protections for Nursing Mothers Act ("PUMP Act") claims under Federal Rule of Civil Procedure 24(b)(1)(B). Rule 24(b)(1)(B) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B).

Ms. Bull's PUMP Act claims share common questions of law and fact with the EEOC's PWFA claims. The EEOC alleges that Roundy's violated the PWFA by,

among other actions, failing to provide her with suitable pumping facilities and suspending and terminating her employment for discriminatory reasons. (*See* Dkt. #1 ¶¶ 36, 47, 49(c), 50(d)–(e)). Ms. Bull's PUMP Act claims are based on the same set of facts—namely, that Roundy's did not provide her a place, other than a bathroom, that was shielded from view and free from intrusion from coworkers and the public, for pumping and that Roundy's suspended and terminated Ms. Bull's employment because she made a PUMP Act complaint. Ms. Bull's PUMP Act claims are also based on the same set of legal questions because a proper pumping space under the PUMP Act is a reasonable accommodation to a known limitation related to childbirth under the PWFA. 29 CFR 1636.3(i)(4)(i). Given that Ms. Bull's PUMP Act claim shares common questions of law and fact with the EEOC's PWFA claims, permissive intervention is appropriate in this matter.

Ms. Bull therefore respectfully asks the court to grant her motion to intervene and order the clerk to docket her intervenor complaint attached to this motion.

Dated this 9th day of April, 2026.

**HAWKS QUINDEL, S.C.**
*Attorneys for Kari Bull*

By:    */s Connor J. Clegg*
Colin B. Good, State Bar No.: 1061355
Email: cgood@hq-law.com
Connor J. Clegg, State Bar No.: 1118534
Email: cclegg@hq-law.com
409 East Main Street, Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236