**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| And | ) ) |
| KARI BULL, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| ROUNDY'S SUPERMARKETS, INC., | ) ) |
| Defendant. | ) |

Civil Action No. 3:26-cv-00241

**JOINT RULE 26(f) CONFERENCE REPORT**

Pursuant to the Court's June 3, 2026 order setting this matter for a Preliminary Pretrial Conference at 2:30 p.m. on June 29, 2026, the Court's Standing Order Governing Preliminary Pretrial Conferences, and Fed. R. Civ. P. 26(f), the parties, through their respective counsel, submit the following Joint Report, following their Rule 26(f) conference on June 12, 2026.

**1)  Concise Statement of the Nature of the Case.**

The EEOC has brought this case under the Pregnant Workers Fairness Act (PWFA) and the Americans with Disabilities Act (ADA), alleging that Roundy's Supermarkets, Inc. (1) failed to provide Ms. Bull reasonable accommodations for a pregnancy-related condition – lactation – including access to drinking water and a suitable space to express breast milk, in violation of the PWFA, (2) suspended and discharged Ms. Bull because of her request for accommodation, in violation of the PWFA; and (3) maintains a practice of requiring employees who request workplace accommodations to authorize release of their HIPAA-protected medical records and

information, regardless of whether such an inquiry is reasonably necessary to assess the

accommodation requests, and made prohibited medical inquiries of Ms. Bull pursuant to that

practice, in violation of the ADA.

Additionally, Ms. Bull has intervened as a plaintiff.[1]  She asserts parallel claims under the

PWFA and ADA, and additionally asserts a PUMP Act claim based on the inadequacy of the

lactation space provided and alleges retaliation in connection with her PUMP Act-related

complaints.

Roundy's Supermarkets, Inc. denies the allegations asserted by the EEOC and

Plaintiff-Intervenor and denies that it violated the PWFA, ADA, or PUMP Act, and has asserted

various defenses in its Answer.

**2)  Names of any Related Cases**.

None

**3)  Concise Statement of the Material Factual and Legal Issues to be Resolved At Trial.**

   a.  Whether Roundy's failed to provide reasonable accommodations for Ms.

      Bull's pregnancy-related limitations under the Pregnant Workers Fairness Act

      (PWFA), including reasonable access to drinking water and a suitable space in

      which to express breast milk.

   b.  Whether Roundy's took adverse action (including suspension and termination)

---

[1] Although both the EEOC's claims and Ms. Bull's claims are grounded on overlapping facts and have overlapping claims for relief, the EEOC brings suit in its own name, to enforce the law, and its claims are not merely representative in nature or derivative of Ms. Bull's.  *See EEOC v. Waffle House*, 534 U.S. 279, 285-88, 297 (2002); *id.* at 296 ("[P]ursuant to Title VII and the ADA, whenever the EEOC chooses from among the many charges filed each year to bring an enforcement action in a particular case, the agency may be seeking to vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief.").

against Ms. Bull because of her need for pregnancy-related accommodations in violation of the PWFA.

c.  Whether Roundy's has a practice of unnecessarily requiring a medical releases from employees who request work-related accommodations, in violation of the ADA, whether that practice violated Ms. Bull's rights under the ADA, and whether the practice should be enjoined.

d.  Whether Roundy's provided an adequate lactation space as required by the PUMP Act, and whether any alleged deficiencies constituted a statutory violation.

e.  Whether Roundy's took adverse action (including suspension and termination) against Ms. Bull because she come made a complaint under the PUMP Act.The amount of any lost wages and benefits due to by Ms. Bull as a result of the alleged violations.

f.  The amount of any compensatory damages, including for emotional distress and inconvenience, due to Ms. Bull as a result of the alleged violations.

g.  The amount of liquidated damages due to Ms. Bull as a result of the alleged violations.

h.  Whether Roundy's acted with the requisite mental state (e.g., malice or reckless indifference) to support an award of punitive damages under applicable statutes and the amount of such damages.

i.  Whether the conditions precedent were met for bringing a PUMP Act claim.

j.  Whether the required 10 days' written notice of non-compliance and an opportunity to cure under the PUMP Act was provided Defendant prior to

3

filing this action.

4) **A Description Of Any Amendments To The Pleadings That Any Party Intends To Seek And A Brief Explanation Of The Bases For Any Such Amendments.**

None anticipated.

5) **The identity of any new parties any party intends to add and a brief explanation of the bases for any such additions.**

None anticipated.

6) **A Proposed Case Schedule, Including at Least the Following Deadlines, Along with an Estimated Length of Trial:**

   a. Motions to amend the pleadings and to add parties; Friday, **September 11, 2026.**

   b. Close of discovery [non-expert]; **Friday March 19, 2027**

   c. Expert disclosures (if applicable);

      i. Plaintiff and Plaintiff-Intervenor: **Friday, December 4, 2026**

      ii. Defendant: Friday, January 15, 2027

      iii. Rebuttal disclosures by Plaintiff or Plaintiff-Intervenor: Friday **February 19, 2027**

   d. Dispositive motions, including *Daubert* motions: **April 19, 2027**. Responses shall be due within 28 days, or Monday, May 17, 2027, and replies shall be due within 10 days, or Thurday, May 27, 2027.

   e. Trial. **September 2027**.  Estimated length ~ **3 to 4 days.**

7) **A discovery plan, including all matters set forth in Fed. R. Civ. P. 26(f)(3), as well as:**

   a. **A general description of the parties' repositories of discoverable ESI;**
   b. **How discovery of ESI can and will  be limited (e.g., by number of custodians, date ranges);**

4

    **c. Methods of how discovery of ESI can and will be facilitated (e.g., key word searches); and**

    **d. The form in which ESI will be produced.**

The parties jointly propose the following discovery plan.

<u>Initial Disclosures</u>: The parties will exchange the initial disclosures required by Rule 26(a)(1) on or before **July 17, 2026**.

<u>Subjects of Discovery</u>: All material factual and legal issues described above at item 2). The parties propose that all discovery, including fact and expert discovery, if any, conclude on **March 19, 2027.**

<u>Electronically Stored Information</u>

a. The parties have agreed to take reasonable steps to preserve ESI and are not currently aware of any issues related to their efforts to preserve ESI. If a party asserts that electronic data is not reasonably accessible, that party shall provide to the other party an explanation of why the information is not reasonably accessible and of the undue burden or cost associated with retrieving the data. If the party requesting the information still insists on its production, the parties shall attempt to reach an agreement on sharing the cost of retrieving such data prior to bringing a motion to compel with the Court.

b. The parties have discussed sources, types, and location of relevant ESI, including likely custodians and relevant date ranges within which electronic discovery will be focused.

c. The parties will discuss proposed keyword searches to ensure focused collection of relevant ESI.

d. The parties have discussed, and the EEOC has provided Roundy's and Intervenor Plaintiff with, detailed specs related to the form of production for future requests. The parties agree to make reasonable efforts commensurate with and proportional to the needs of the case and issues presented to follow such specs. To the extent any Party believes the specs as related to any particular request is not reasonable or proportional to the needs of the case, the Parties agree to discuss the form of production.

<u>Issues regarding Privilege</u>

The parties do not anticipate that there will be any issues related to the assertion of privilege in this case. Following the entry of a scheduling order, the parties may file stipulated motions requesting the entry of a protective order concerning the discovery of confidential information pursuant to Rule 26(c), as well as a protective order pursuant to Fed. R. Evid. 502(d) and 502(e) concerning inadvertent disclosures and the non-waiver

of attorney-client privilege and work product protection.

Neither party waives the right to request from the other party a description of the nature of any specific documents, communications, or other materials for which such a privilege is claimed, in accordance with Rule 26(b)(5)(A)(ii). The parties will confer in good faith in an attempt to resolve any such requests prior to seeking appropriate relief from the Court.

Additionally, if a privilege or immunity is asserted, but no documents or information are withheld from a party's discovery response, the discovery response shall state that no responsive documents have been withheld on the basis of privilege or immunity.

8) **Any Other Matter Affecting the Just, Speedy, or Inexpensive Determination of this Case, or that Which the Court Should Consider in Setting the Schedule.**

   a. Third-Party Subpoenas - The parties agree that, except as otherwise agreed by the parties in writing, no party shall serve a subpoena upon any non-party in connection with this action except after giving seven days' notice (including a copy of the subpoena) to the other party(ies). If during the seven-day period, another party files a motion to quash or modify the subpoena or a motion for a protective order concerning the subpoena, the party serving the subpoena shall refrain from serving it until the Court has ruled on the motion.

   b. Electronic Service - Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to electronic service of discovery, correspondence, and other documents and materials not required to be filed with the court's ECF system, without the need for traditional service via mail. To the extent service is affected via electronic means on any party, the sender must affect service to the email addresses for all counsel of record in this case.

   c. Electronic Signatures. Electronic signatures, e.g., s/ Attorney's Name, shall constitute an effective signature for purposes of Fed. R. Civ. P. 26(g).

Dated: June 22, 2026

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

s/ Greger B. Calhan
Greger B. Calhan
Trial Attorney
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401-2224
Telephone: (612) 552-7323
E-mail: Greger.Calhan@eeoc.gov
*Counsel for Plaintiff*


**KARI BULL**

/s Connor J. Clegg
Colin B. Good, State Bar No.: 1061355
Email: cgood@hq-law.com
Connor J. Clegg, State Bar No.: 1118534
Email: cclegg@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236
*Counsel for Plaintiff-Intervenor*


**ROUNDY'S SUPERMARKETS, INC.**

s/Laurie A. Petersen
Laurie A. Petersen
State Bar No. 1019101
Samantha J. Wood
State Bar No. 1091367
411 East Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202-4498
Phone: 414-273-3910
Fax: 414-273-0522
lpetersen@lindner-marsack.com
swood@lindner-marsack.com
*Counsel for Defendant*

7